UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RELIABLE PAPER RECYCLING, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> HELVETIA GLOBAL SOLUTIONS, LTD., <br><br> **Defendant.** | Civ. No. 2:23-cv-22124 (WJM) <br><br> **OPINION** |

In this breach of contract action, Defendant Helvetia Global Solutions, Ltd. ("Defendant" of "Helvetia") moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) based on a forum selection clause, or in the alternative, to dismiss Count II. ECF No. 7. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons below, Defendant's motion to dismiss is **denied in part and granted in part**.

I. BACKGROUND

Plaintiff Reliable Paper Recycling, Inc. ("Plaintiff" or "Reliable") is a paper recycling business with its principal place of business in Jersey City, New Jersey (the "Property"). Compl., ¶ 2, ECF No. 1. Defendant Helvetia, a foreign insurer with a place of business in Liechtenstein, insured Reliable under a $10 million policy for risks of loss or damage to the Property, effective June 14, 2022 to June 14, 2023 (the "Policy"). *Id.* at ¶¶ 3, 10. On or about April 11, 2023, Reliable sustained significant damage and loss from a fire at the Property, but Helvetia denied coverage for those losses. *Id.* at ¶¶ 18-19.

Reliable filed suit in New Jersey state court seeking monetary damages and a declaratory judgment that it is entitled to coverage under the Policy. *Id.* at ¶ 1. The six-count complaint alleges: breach of contract (Count I), declaratory judgment (Count II), breach of the duty of good faith and fair dealing, bad faith (Count III), equitable estoppel (Counts IV and V), and violation of the New Jersey Consumer Fraud Act (Count VI).

Defendant removed the action asserting diversity jurisdiction and now moves to dismiss the Complaint based on the Policy's forum selection clause, which provides that the "policy is governed by the Law and Jurisdiction of the State of New York." Compl., Ex. A, Section A. Alternatively, Defendant seeks dismissal of Count II as duplicative of Count I.

## II. DISCUSSION

### A. Rule 12(b)(6) Motion to Dismiss

Defendant's motion is functionally a motion based on *forum non conveniens,* but "a Rule 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed" in either a state or federal forum. *Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 299 (3d Cir. 2001); *accord Wall Street Aubrey Golf, LLC v. Aubrey,* 189 Fed. Appx. 82 (3d Cir. 2006) (affirming Rule 12(b)(6) dismissal because forum selection clause specified non-federal forum). Moreover, Plaintiff has not challenged Defendant's reliance on Rule 12(b)(6).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005). Dismissal is appropriate only if, accepting all the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.,* 542 F.3d 59, 64 (3d Cir. 2008). This assumption of truth is inapplicable, however, to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, *see id.* at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). While "[t]he plausibility standard is not akin to a probability requirement' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In deciding a motion to dismiss, a court "may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997). A court is to rely on "only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014). Accordingly, the Court will not consider the Declaration of Bruce Sanford submitted by Plaintiff to show that it had no ability to negotiate the terms or price of the Policy.[1]

---

[1] In any event, "[t]hat there may not have been actual negotiations over [a forum selection] clause does not affect its validity." *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1219 (3d Cir.), *cert. denied,* 502 U.S. 908 (1991); *see Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594–95 (1991) (finding forum selection clause on back of cruise ticket enforceable despite lack of bargaining over terms of clause). "Forum selection clauses are routinely upheld,

2

B. <u>Forum Selection Clause</u>

"Federal law controls the question of whether to enforce a forum selection clause." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 58 (3d Cir. 2018) (citing *Howmedica Osteonics Corp.*, 867 F.3d 390, 407, n.11 (3d Cir. 2017)). This is because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (internal quotation marks and citation omitted). Under federal law, the party opposing enforcement of a forum selection clause bears a "heavy burden of proof." *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 17, 19 (1972)). Mandatory[2] forum selection clauses are entitled to great weight, are presumptively valid, and will be enforced absent a showing by the objecting party "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in a litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by Lauro Lines v. Chasser*, 490 U.S. 495 (1989)); *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 63, 64 (2013) ("a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases" (citation and internal quotes omitted)).

Plaintiff maintains that enforcing the Policy's forum selection clause would violate New Jersey's public policy as set forth in *Param Petroleum Corp. v. Commerce and Indus. Ins. Co.*, 296 N.J. Super. 164 (App. Div. 1997). As a threshold matter, Defendant objects to reliance on *Param* on the grounds that federal rather than state law governs the question of enforceability. However, it is federal law that provides that a forum selection clause will not be enforced if it violates the public policy of the forum, which in this case is New Jersey. *See e.g., Lester v. Gene Exp., Inc.*, No. 09-0403, 2009 WL 3757155, at *4 (D.N.J. Nov. 10, 2009) (looking to New Jersey policy to determine enforceability of forum selection clause). In New Jersey, "'the sources of law where a mandate of public policy may be found ... 'include legislation; administrative rules, regulations or decisions; and judicial decisions.'" *Erco Interior Sys., Inc. v. Nat'l Com. Builders, Inc.*, 2019 WL 2004367, at *3 (N.J. Super. Ct. App. Div. May 7, 2019) (citing *Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58, 72 (1980)).

In *Param*, the plaintiff sued on an insurance policy that covered pollution liability stemming from underground gasoline storage tanks located at the plaintiff's New Jersey

---

even in situations involving adhesion contracts, unequal bargaining power, and the absence of negotiations over the clause." *Heartland Payment Sys., Inc. v. Steves*, No. 15-3544, 2015 WL 7737344, at *3 (D.N.J. Dec. 1, 2015).

[2] Plaintiff has not disputed that the forum selection clause at issue is mandatory rather than permissive. *See Wall Street Aubrey Golf, LLC v. Aubrey*, 189 Fed. Appx. 82, 86 (3d Cir. 2006).

3

gasoline station. The appellate court declined to enforce New York choice of law and forum selection clause contained in the insurance policy because the insured risk was located in New Jersey. *Param*, 296 N.J. Super. at 170-71; *see also Erco Interior Sys., Inc.*, 2019 WL 2004367, at *3 (noting that in *Param*, forum selection of insurance policy was not enforced when insured property was in state and enforcement would violate public policy that location of insured risk should determine forum). Because the insurance at issue in *Param* specifically covered environmental liability, other considerations included "'New Jersey's paramount interest in the remediation of toxic waste sites, and in the fair compensation of victims of pollution, [which] extends to assuring that casualty insurance companies fairly recognize the legal liabilities of their insureds,'" as well as the State's "'urgent concern [] for the health and safety of its citizens." *Id.* at 169 (*quoting Johnson Matthey, Inc. v. Pennsylvania Mfrs.' Ass'n Ins. Co.*, 250 N.J. Super. 51, 57 (App. Div. 1991)). In addition to noting such impact on New Jersey citizens from property located in the State, the court recognized that "[i]nsurance is so essential a part of the area of a State's primary responsibility that the State's power should not depend upon where the parties choose to contract for the insurance or to pay the loss. The State's interest and its responsibility to its citizens should be enough to support regulation and taxation of policies relating to the risks within its jurisdiction." *Id.* at 167-68 (citing *Howell v. Rosecliff Realty Co., Inc.*, 52 N.J. 313, 324 (1968)).

Defendant contends that *Param* does not apply because it involved *liability* insurance rather than a "first-party property policy." Def. Reply Br. at 4, ECF No. 13. *See Param*, 296 N.J. Super. at 170 (choice-of-forum agreements "in liability insurance policies should generally be ignored at least when the insured risk is in this State."). The Court does not agree that *Param* is distinguishable on this basis. To start, there is no reason to believe that New Jersey's interest in protecting its citizens from harm or regulating policies related to risk located within the State is limited to liability policies. In fact, the *Param* court recognized yet "another indication of a strong state policy": a "forum-selection clause in a policy of insurance respecting property located wholly within New Jersey which requires litigation elsewhere would appear to be inconsistent with" N.J.S.A. § 17:32-2.c[3] and N.J.S.A. § 17:32-16.[4] *Id.* at 170. The court viewed N.J.S.A. 17:32-2.c as "not simply a grant of jurisdiction," but "specifically establish[ing] as a matter of legislative policy that foreign insurance companies must submit to this State's jurisdiction in "'any action or legal proceeding.'" *Id.* Hence permitting a contrary private agreement "would certainly violate

---

[3] N.J.S.A. § 17:32-2c states in part that "[n]o company shall be admitted [to write insurance policies in New Jersey] until it: Constitutes, by a duly executed instrument filed in the department, the commissioner and his successor in office its true and lawful attorney, upon whom all original process in any action or legal proceeding against it may be served, and therein agrees that any original process against it which may be served upon the commissioner shall be of the same force and validity as if served on the company…"

[4] N.J.S.A. § 17:32-16 provides: "This act is deemed and declared to be remedial legislation for the protection of the health and welfare of persons resident in this State by subjecting nonadmitted insurers which solicit, insure, or cause to be solicited such resident persons to the laws which govern all foreign insurers which do business in the State of New Jersey. This act shall be liberally construed to effectuate its purpose and intent."

the public policy evidenced by [N.J.S.A. § 17:32-2c], since it would negate the submission to jurisdiction the statute commands." *Id.* at 171. In sum, the *Param* court concluded that "at least when dealing with risks located wholly within this State, ... the parties to the insurance contract should not be permitted to negotiate away the protection of [New Jersey] courts, protection which is intended for the insured, the insurance company, and for those who may suffer damages as a result of an insured risk." *Id.* at 172.

As in *Param*, the insured risk here is wholly in New Jersey and notably, lacks any ties to New York. Because there is no New Jersey Supreme Court decision or state statutory law addressing forum selection clause provisions specifically in insurance policies covering property damage, the Court views *Param* as indicative of New Jersey's public policy on the issue and declines to enforce the forum selection clause. *See Walters v. Am. Home Assur.*, No. 09-4637, 2011 WL 4409170, at *8, n.7 (D.N.J. Sept. 21, 2011). Defendant's motion to dismiss based on the Policy's forum selection clause is **denied**.

C. Breach of Contract (Count Two)

Alternatively, Defendant moves to dismiss Count II (declaratory judgment) as duplicative of Count I (breach of contract) because both counts seek to resolve the parties' obligations under the Policy. While Fed. R. Civ. P. Rule 57 states that "'[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate,' our Court of Appeals urges courts to exercise their discretion to decline proceeding with declaratory judgments when they duplicate other claims." *Butta v. GEICO Cas. Co.*, 400 F. Supp. 3d 225, 231 (E.D. Pa. 2019) (citing *State Auto Ins. Co. v. Summy*, 234 F.3d 131, 134 (3d. Cir. 2000)). Thus, "[c]ourts routinely dismiss declaratory judgment claims when they are duplicative of breach of contract claims." *AV Design Servs., LLC. v. Durant*, No. 19-8688, 2021 WL 1186842, at *12 (D.N.J. Mar. 30, 2021) (citing cases and dismissing with prejudice "entirely duplicative" declaratory judgment claim); *accord L. Off. of Drew J. Bauman v. Hanover Ins. Co.*, No. 22-4551, 2023 WL 2238552, at *3 (D.N.J. Feb. 27, 2023) (dismissing declaratory relief claim as duplicative of breach of contract claim).

Plaintiff's reliance on *ProCentury Ins. Co. v. Harbor House Club Condo Ass'n, Inc.*, 652 F. Supp. 2d 552, 556-57 (D.N.J. 2009) to oppose dismissal of the declaratory judgment claim is unavailing. In *ProCentury*, the defendant's declaratory judgment *counterclaim* that the policy was properly rescinded was not redundant of the plaintiff's declaratory judgment *claim* that payment was due under the policy because even though both parties sought a declaration as to whether the plaintiff "is obligated to pay under the policy or not, each party [sought] a different declaration to support that end result." *ProCentury Ins. Co. v. Harbor House Club Condo. Ass'n, Inc.*, 652 F. Supp. 2d 552, 557 (D.N.J. 2009). Here in contrast, determining whether Defendant breached the contract by denying coverage for the fire necessarily decides the question of whether Defendant is obligated under the Policy to provide coverage for the fire. Plaintiff's declaratory judgment claim is entirely

5

duplicative of its breach of contract claim. Count I alleges that Defendant "has breached its obligations under the Policy." Compl. ¶ 57. Count II seeks "interpretations of the Policy, and the parties' duties, rights and obligations under the Policy." *Id.* at ¶ 60. Both counts require interpretation of the Policy and a determination of the parties' obligations thereunder. Dismissal of Count II will not prejudice Plaintiff because adjudication of Count I will resolve the same issue and "necessarily decide the question raised by the declaratory judgment claim." *Universal Prop. Servs. Inc. v. Lehigh Gas Wholesale Servs., Inc.*, No. 20-3315, 2021 WL 1720866, at *5 (D.N.J. Apr. 30, 2021). Finally, denying "separate claims based on the same issues conforms to the concerns of judicial economy." *Nova Fin. Holdings Inc. v. Bancinsure, Inc.*, No. 11-07840, 2012 WL 1322932, at *4 (E.D. Pa. Apr. 17, 2012). Defendant's motion to dismiss the declaratory judgment claim is **granted.**

### III.   CONCLUSION

For the reasons noted above, Defendants' 12(b)(6) motion to dismiss is **denied in part and granted in part.** Count II is **dismissed with prejudice.**

WILLIAM J. MARTINI, U.S.D.J.

Date: April 4, 2024